Haile v. Venable et al.—Syllabus.

---

EVANS HAILE, APPELLANT, v. M. VENABLE AND W. A. JONES, PARTNERS AS VENABLE & JONES, APPELLEES.

1. Even though there be error in modifying an injunction before complainant has opportunity to present his proof, yet if such modification be properly continued in force after full opportunity for proof, the error can not avail on appeal.

2  The discretion of the trial court in permitting an amended answer to be filed and in allowing such answer to be signed and sworn to after it has been filed, will not be reviewed in the absence of a showing of an abuse of such discretion.

3. Where it appears from the record in an equity cause that more than three months after replication was filed the defendants set the cause down for hearing, and the decree recites that the defendants had "set the said cause

Haile v. Venable et al.—Opinion of Court.

down for a hearing upon bill, answer and replication," and the decree is not erroneous, it will not be reversed because the notice given by the defendant of the hearing stated that the hearing would be on bill and answer.

4. A certificate of the clerk that a cause was not set down for hearing is not evidence to contradict the certified transcript of the record which shows that the cause was so set down.

This case was decided by Division A.

Appeal from the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the court.

*Horatio Davis, W. S. Broome* and *Jos. E. Edmondson,* for Appellant.

*Carter & Layton,* for Appellees.

WHITFIELD, J.: An injunction was issued from the circuit court for Alachua county at the suit of the appellant enjoining the appellees and their employees from going upon or boxing, scraping or in otherwise interfering with the land or timber on certain described lands. The answer of the defendants denied the possession of the complainant and averred a right in themselves. The injunction was modified so as to permit the defendants to go upon the lands, and as so modified was continued in force. A replication was filed and the complainant set the cause down for hearing on bill, answer and replication. The court per-

mitted an amended answer to be filed. Exceptions to the amended answer were overruled, and on May 7th, 1906, a replication was filed.

The transcript contains the following entries: "Now comes the defendants by their undersigned solicitors and sets down the above cause for a hearing. Carter & Layton, solicitors for defendants." "Setting down for hearing filed Sept. 3, 1906, and entered in chancery book F. page 25. S. H. Winges, clerk." There is also in the transcript a certificate of the clerk that the cause "was not set down in chancery order book in the clerk's office for a hearing by complainant or defendant, or their solicitors, or either of them." The defendants gave notice that they would "call up for hearing the above styled cause upon bill and answer."

On October 22, 1906, the court entered the following decree: "This cause coming on for final hearing upon the bill of complaint herein, the answer, the additional, and amended answer of the defendants, thereto, the replications of the complainant to such answers: and it appearing that the time for taking testimony under the rule has expired, and there being no application for extension of time, and the defendants having set the said cause down for a hearing upon bill, answer and replication, now, therefore, upon consideration thereof, it is ordered, adjudged and decreed, and the court doth hereby order, adjudge and decree as follows, viz: That the equities of the case are with the defendants and that the injunction be dissolved and that the complainant's said bill of complaint be and the same is hereby dismissed with cost to be taxed against the complainant by the clerk of this court. Done

and ordered at Starke, Florida, at chamber, on the 22 day of Oct., 1906."

An appeal was taken by the complainant and the errors assigned cover the following: (1) Modifying the injunction; (2) overruling exceptions to the answer; (3) refusing to continue hearing; (4) allowing an amended answer; (5) allowing defendants to swear to the answer; (6) refusing to strike the answer; (7) in hearing the cause on notice given complainant that it would be heard on bill and answer; (8) granting the final decree.

Notice of motion to dissolve the injunction was served April 12th, to be heard April 14th. The complainant objected to the hearing because sufficient notice had not been given so as to enable him to meet the evidence offered by defendants. Affidavits offered by the complainant were filed April 19th, and an order was made April 29th, denying the motion to dissolve the injunction but continuing in force a modification of the injunction made April 14th.

Even if there was error in modifying the injunction before the complainant presented his affidavits, the modification was warranted by the evidence and was continued in the order of April 29th, refusing to vacate the injunction. The complainant was not injured.

The amended answer filed by leave of the court denied the title of the complainant and set up the muniments of title of the defendants. The court permitted the amended answer to be signed and sworn to after it had been filed, and denied a motion to strike the answer. It was within the discretion of the trial court to permit an amended answer to be filed and to allow such answer to be signed and sworn to after it had been filed. That discretion will not be reviewed in the absence of a showing of its abuse.

The answer of the defendant under oath denied the title of complainant and asserted the right of the defendants. No testimony was taken and the court properly decreed for the defendants. It is contended that as the notice given by the defendants to the complainant was confined to a hearing on bill and answer, the complainant was not required to observe the notice and that a hearing on such notice was error. It appears from the transcript that more than three months after the replication was filed the defendants set the cause down for a hearing. The decree of the court recites that the defendants had "set the said cause down for a hearing upon bill, answer and replication." The certificate of the clerk that the cause was not set down for a hearing is not evidence to contradict the record certified to by him as being correct.

The decree is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

HOCKER and PARKHILL, JJ., concur in the opinion.

TAYLOR, J., disqualified.